**Ronald NESSLER, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 30, 1964.

Louis V. Mangrum, Mayfield, for appellant.

Robert Matthews, Atty. Gen., F. E. Wood, Asst. Atty. Gen., L. M. Tipton Reed, Mayfield, for appellee.

MILLIKEN, Chief Justice.

The appellant, Ronald Nessler, was sentenced to three years in the penitentiary for deserting his pregnant wife in violation of KRS 435.240. The eighteen-year old wife was the only witness for the Commonwealth and the appellant was the sole witness for the defense. The couple were married in October, 1963, and she lived with her mother and stepfather, separate and apart from her husband, from January 2, 1964, on.

The gist of the testimony is that while her husband was at work she left the home of her husband's parents where they were living because her husband had told her she would have to leave unless she helped with the washing and usual household chores. She testified that her husband knew at that time that she was pregnant, but the husband denied that he knew it until the present action was instituted. He said he made a couple of unsuccessful efforts to contact her, but admitted that he had not supported her after she left his home, nor contributed to defraying her medical expenses incurred in preparing for the arrival of the baby.

KRS 435.240 provides in part that "* * * any married man who leaves, deserts or abandons his wife while she is pregnant by him, leaving her in destitute or indigent circumstances and without making proper provision for the board, clothing and proper care of the wife * * * shall be confined in the penitentiary for not less than one nor more than five years."

The testimony of the eighteen-year old wife is skimpy indeed. She said she left her husband's home "because he asked me to leave," and went to live with her parents. This statement is not amplified in her direct examination, nor questioned on cross-examination. The appellant stated that he had told her she would have to leave unless she helped with the housework which she had refused to do, and she left while he was away at work.

Although the appellant must support his wife and child in the future or suffer the

legal consequences for not doing it, nevertheless, it is the consensus of the Court that the evidence presented in this record is not sufficient to establish that he either deserted or abandoned his wife within the meaning of KRS 435.240.

The judgment is reversed with directions to grant appellant a new trial. In the event the evidence upon another trial is substantially the same as that appearing in the instant case, the court will direct a verdict acquitting the appellant.